## LUBY v. HOFFMAN et al.
### No. 8872.

Court of Civil Appeals of Texas. San Antonio.

Oct. 12, 1932.

Rehearing Denied Nov. 16, 1932.

B. D. Tarlton, H. G. Hart, and B. S. Odem, all of Corpus Christi, for appellant.

Lewis H. Jones, of Corpus Christi, and Lloyd & Lloyd, of Alice, for appellees.

SMITH, J.

Appellant, Luby, purchased from appellees Fallin an undivided one-half interest in a tract of land in Duval county; the stipulated consideration being substantially as follows:

"The sum of $20,000.00 to us in hand paid, and secured to be paid by James P. Luby, of Duval County, Texas, in the following manner, to-wit:

"$1,359.66 in cash, the receipt of which is hereby acknowledged and confessed, and the sum of $18,640.00, by the assumption on the part of the said James P. Luby, of the full payment of a certain promissory vendor's lien in the amount of $18,640.00 executed by the grantors herein on December 22, 1927, and payable to the order of N. A. Hoffman, on December 22, 1930, bearing eight percent interest per annum payable annually. * * *"

Upon Luby's default in the payment of the note thus assumed by him, Hoffman, the holder of that note, brought suit thereon against Luby and the Fallins. Pending that suit, Hoffman procured the sale of the land by a trustee under a deed of trust given to secure said note, and bought the land in at such sale. Luby and Fallin acquiesced in this disposition of the land and agreed to Hoffman's title, without further recourse by the latter upon them for deficiencies. Hoffman was thus dropped out of the case, with title to the land, leaving Luby and Fallin to settle differences asserted by them in cross-complaints against each other.

In his complaint against Luby, Fallin, as stated in his brief, "asked for personal judgment against appellant for their damages by reason of his breach of the contract of assumption and the failure to pay the note as it became due, and as a measure of their damages they asked for the value of their undivided one-half interest in and to the * * * land as of January 6, 1931, the date of the Trustee's sale."

In his answer to Fallins' pleadings, Luby set up the following: "Further answering herein, if further answer be necessary, this defendant would respectfully show to the Court that while it is true, as alleged in said answer of the defendants Fallin, that he purchased an undivided one-half interest in the property described, and assumed the payment of the said note described in plaintiff's petition, that the consideration for the assumption of said indebtedness has failed in this, that at the time of the acceptance of said deed that the real consideration for the assumption of said indebtedness and the acceptance of said deed, was the agreement and promise on the part of the said Adelaide Hoffman Fallin, joined by her husband, R. E. Fallin, to secure for the benefit of the defendant James P. Luby, the execution on the part of the plaintiff, N. A. Hoffman, of a release clause which would enable the defendant Luby to undertake a sale of said property, and the further agreement and promise on the part of the said Fallins to cause said land to be surveyed and divided, and the further agreement and promise on the part of the said Fallins to pay the said Luby the sum of $1,695.00 on or before December 22, 1929, which sum of money was due and owing by the said Fallins and is still due and owing by the said Fallins to the said Luby, and that at the time said conveyance was made and said deed accepted by the said Luby, these agreements were a part of the real consideration moving to the said Luby for the assumption of said indebtedness described, and that had said money due by the defendants Fallin to Luby been paid as agreed, the interest on said indebtedness of $18,640.00 would have been paid and said indebtedness extended; that by reason of the defendants Adelaide Hoffman Fallin and R. E. Fallin failing to keep and perform the considerations agreed upon, that there has been a failure of consideration for the assumption of said indebtedness and that the said Luby is relieved of any liability, primary or secondary, by reason of said failure of consideration, to the defendants Adelaide Hoffman Fallin or R. E. Fallin."

Luby further sought recovery against Fallin upon the latter's note to him for $1,695,

which was secured by deed of trust upon the premises in question.

In a trial before the court without a jury, Fallin recovered damages against Luby as prayed for, against which judgment Luby was allowed to set off the amount of said $1,-695 note. Luby has appealed.

The trial judge first admitted, but later in the trial excluded from consideration, all the evidence offered by appellant under his allegations of failure of consideration. Appellant's complaint of this action of the court brings into consideration the controlling questions in the appeal.

We have carefully studied and analyzed this evidence, and have unhesitatingly reached the firm conclusion that, if all of it be considered and given its full effect in favor of appellant, it wholly fails to show any binding agreement between the parties for any of the purposes urged by appellant. It shows conclusively, rather, that the minds of the parties did not meet at any turn in the negotiations between them, and that the deed in controversy encompassed every element of agreement actually reached between the parties.

This conclusion settles the appeal, all of appellant's propositions will be overruled, and the judgment affirmed.